Will the clerk please call the next case? 3 22 03 12 Kenneth R. Manny, senior appellant versus Illinois Department of Insurance. Martin Groby, Helen Kim and Patrick Riley, Apple East. Thank you, Mr Manny. You may proceed. Thank you. I'll start the way I did it for this court. We're aware of our marriage, but it doesn't kind of attorney. Also back to the defendants. Mr Manny, unlike the case before, we're having just a little hard time understanding you. If you may be getting closer to the to the screen or the might might help. Okay, how about now? Got any better? Look, I'll try to speak real loud. Okay, we find. Thank you. Okay, but this court is well aware that I am not an attorney and because of the actions of the defendant, I'm indigent and I cannot afford an attorney. That's why I have a fee waiver. This case was found as a result of the office of the executive assistant general and would appreciate if this court would force the defendant to stick to the matters involved in this case only. Plaintiff has attacked all documents referencing this case. Documents D1 through D10 that was extracted from the original brief. Can't find me any father complaint with Illinois Department of Insurance against field marketing organization, Healthcare Solutions, Healthcare Solutions team, supervising manager and time to check insurance company now owned by all state field marketing organization, supervise and oversee everything that agents do. Agents cannot work directly with insurance companies. They must go through a field marketing organization. And then the Illinois Department of Insurance governing body defendant, Illinois Department of Insurance responded to my complaint against the defendant and was sent a copy of the Illinois General Assembly statute showing that all the policies that was written by Healthcare Solutions team and Healthcare Solutions team supervisor were fraudulent policies. Illinois Department of Insurance decided not to do anything. And they sent me a letter December 3rd, 2014. That's document he wanted to have. And it says that they found nothing wrong with the actions and the fraud fraudulent insurance policies that was written on the plaintiff. The plaintiff filed a complaint with the EEOC, Equal Employment Opportunity Commission and the Illinois Department of Human Rights, because the Department of Insurance chose to not do anything in response to all the crimes that was committed against the plaintiff. When the plaintiff filed that complaint, the Illinois Department of Insurance retaliated against the plaintiff and charged him with check fraud by using a photocopy of one of the checks that was set in the complaint. Illinois Department of Insurance found the plaintiff guilty of check fraud, which violates all ordinances. And then they revoked the plaintiff's producer's license that he had had for over 20 years. If you Google the plaintiff now, he comes up as a check fraud. And that destroyed the life and integrity of the plaintiff. That's the fee waivers. It also caused the plaintiff that was that was contacted by the Obama administration to assist with health care reform and wrote an addendum, and all Congress rejected and would not review any of that. The addendum written by the plaintiff would save this nation over $100 billion to totally pay for Obamacare. And no member of Congress would address that addendum because of the actions of the defendant, Illinois Department of Insurance. The Human Rights and Equal Opportunity Commission questioned the legal authority of the Illinois Department of Insurance as it relates to check fraud. And the Office of the Executive Inspector General got involved. On September 1st, 2020, the Office of the Executive Inspector General ordered the Illinois Department of Insurance to conduct a re-hearing. And that re-hearing took place on September 1st. During the hearing, the Illinois Department of Insurance was forced to check or alter the check. Illinois Department of Insurance provided no complaint because no complaint exists. And if you look at Illinois law B-5 on the on the documents provided, it clearly states that only prosecutors have the authority to make any charges of fraud according to Illinois law. No third parties can make charges. During the re-hearing, the Illinois Department of Insurance was asked to provide an original document. The original check was altered. The Illinois Department of Insurance could not provide any document because it didn't exist. Refund checks were sent to the address of Peter Benson, Supervisor-Manager for Healthcare Solutions Team. All refunds were sent there because the address on the checks had the Joliet address of Supervisor-Manager Peter Benson. And then those checks were returned to Times Assurance where they boarded them out. During the hearing, the Illinois Department of Insurance was asked to provide the five elements required by state of Illinois to prove check fraud. That's D-7. Five elements necessary to prove check fraud. The Illinois Department of Insurance failed to provide any document, anything to prove any of the five elements required to prove check fraud. And lastly, during the hearing, the Illinois Department of Insurance was asked to provide records of any other Illinois insurance producer that the Illinois Department of Insurance had prosecuted for offering photocopies of refund checks. The Illinois Department of Insurance could provide no other cases where anyone was prosecuted by Illinois Department of Insurance for check fraud using photocopies. And without any complaint saying that check fraud was committed. On February 16, 2016, the Illinois Department of Insurance entered their decision on the re-hearing and found the plaintiff again liable and guilty of check fraud. And the DA chose what they charged me, check without any original documents violating all Illinois laws. And they provided no records of anyone else being prosecuted ever by the Illinois Department of Insurance for check fraud when there's no check using photocopies that were sent to several different locations. In July of 2021, plaintiff files lawsuit 2021-L-001364 charging Illinois Department of Insurance with malicious and false prosecution in DuPage County where the plaintiff was residing at the time and requested a jury trial. The lower court refused to hear this case. And did not allow jury of the peers to be selected for this case. The plaintiff is asking this court to vacate that order reinstate the case, force the defendant Illinois Department of Insurance to reinstate the plaintiff's Illinois producer's license without lapse and award damages to the plaintiff from the defendant. For these false and illegal actions that defendant did completely destroyed the life and reputation of the plaintiff. This court has copies of the documents and documents provided to substantiate all claims by the plaintiff. That was prepared and sent with this oral argument so that the courts can review them. Thank you. Any questions from the court? I do not. No. Okay. Thank you, Mr. Manny. You'll have time and reply. Miss O'Meara. Is it O'Meara? That's correct. Yes. Thank you. You may respond. Great. Thank you. Good afternoon. Your honors. May it please the court. My name is Assistant Attorney General Maura O'Meara and in this appeal, I represent the appellee, the Illinois Department of Insurance. Mr. Manny's complaint stems from the final administrative decision of the department to suspend his license based on its findings that he engaged in dishonest practices. Manny appealed that decision to the circuit court and to this court in 2018, both of which upheld the department's decision holding that there was ample support in the record for the department's decision. Since that time, Manny has filed several lawsuits against the department in which he continues to challenge the department's final administrative decision. His complaint was properly dismissed by the circuit court for several reasons. First, the circuit court lacked jurisdiction over this action because it was an improper collateral attack on a final administrative decision of the department. As I'm sure this court is aware, the circuit court has jurisdiction to review agency decisions only as provided by law and the administrative review law, which applies here under the Illinois Insurance Code, provides that a party may seek review of an administrative decision only within the time and the manner prescribed by statute. Manny's initial administrative review action, which he properly brought pursuant to the administrative review law, was the only method for challenging the department's decision in 2015. Once that action concluded, any subsequent litigation, such as Manny's complaint in DuPage County, is an improper collateral attack on the agency's decision. The complaint is also barred by res judicata along the same lines, and as we explained in our brief, this court has already addressed Manny's claims in the administrative review action. These are the same issues, the same parties, and Manny's complaint in this case is an attempt to re-litigate claims that have already been decided. Sovereign immunity would also apply here to bar Mr. Manny's claims because the department is a state agency and he has not alleged any facts in his complaint that would support the application of any exception to that doctrine. And finally, Mr. Manny has failed to state a claim because he has not alleged any specific facts in his complaint that would support a claim of malicious prosecution or slander. I would like to respond to Mr. Manny's arguments about check fraud. He continues to argue that he was charged, convicted, found guilty of check fraud, but that is simply not the case. The department never charged him with check fraud or any other crime. The department found him guilty or found that he engaged in dishonest and untrustworthy practices under the Illinois Insurance Code, which the department does have the authority to suspend one's license under that statute. So these were entirely civil proceedings and his reference to the criminal code is misplaced. And I also wanted to touch on his comments about the 2020 re-hearing that was ordered by the inspector general. I'm not sure, I don't, the inspector general was not involved in this as far as I'm aware. But in 2020 or in 2019, Mr. Manny applied for his license renewal. That application was denied because there was evidence that he sold insurance policies during his 18-month suspension, as well as evidence that he responded to a few questions on the application untruthfully. So it wasn't a re-hearing in 2020. It was just a hearing that he requested on the denial of his application. So that was an entirely separate proceeding. And he seems to be blurring the lines a little bit between those two. In 2021, 2020, again, no one charged him with check fraud. He was found to be, again, held responsible for engaging in a different set of dishonest and untrustworthy conduct. And so for those reasons, his application was denied in February of 2021, I believe. So I just want- Well, is it not true that, yes, but that one of those practices was the alteration of a check? Is that what you- Well, that was the basis for the 2015 final administrative decision, was the altering of the check. That was not an issue at all with the 2020 proceedings. They were separate administrative proceedings, and Mr. Manning did not appeal the 2021 final administrative decision of the department. So they were two separate proceedings in 2015. Yes, it was found that he altered the check, and that decision was upheld by this court in the decision in Manning 1. So I think that's all I have. Unless the court has any further questions, we stand on our brief and ask the court to affirm the dismissal of this complaint. Any questions from the bench? No, Mr. Swimmer answered my only question. I do not. Okay, thank you. Mr. Manning, you may reply. Your Honor, the Office of the Executive Inspector General does have authority. They do, and during the second hearing, and the second hearing was ordered September, took place September 1, 2020. Now, she's saying that the altering of the check didn't take place. It's a letter you have, document D8 dated January 17, 2020, from the Illinois Department of Insurance, and it says, right in circle there, due to altering a premium refund check. That's what I was charged with, and they have no authority. They have no complaint saying that that took place. It was all fabricated by the Illinois Department of Insurance, totally fabricated. They have no complaint. That was during the re-hearing. All those questions was asked of the Department of Insurance. They asked to provide a complaint. They couldn't do that. They asked to provide their authority to make charges, which the Illinois courts say they can't make charges. They're third party. They didn't provide that. It was asked to provide a genuine, original document of the check. They said they couldn't do that. And they couldn't come up with one of the five elements necessary. That was asked during the re-hearing on September 1st, 2020, that was ordered by the Office of Executive. And this letter, dated January 17, 2020, says just that, due to altering a refund check. So, that's what they did. They definitely charged me with that. They have no authority. They have no complaint. They have no document. They fabricated this entire charge in retaliation for my charging them with the Equal Opportunity Commission and the Department of Human Rights. They have no authority, according to Illinois law, to make charges of check fraud, altering checks, none. And they say internal investigation. There's no complaint to stimulate that. Someone had to say a check was altered or something by me. Didn't happen. The check in question was mailed to Peter Benson and Joliet and returned to Times Assurance, where they bought it to check out. When the Illinois Department of Insurance saw that in my complaint, and they did nothing to these organizations for what they did to me, and sent that first letter saying we don't find anything wrong with them debiting your account, writing fraudulent insurance policies on you, I filed a complaint with the Illinois Department with the EEOC, and they did not like that. So, they fabricated everything. They don't have one document, again, with a complaint against me. They don't have one document showing that they have an authority to make check fraud charges. She said they didn't do that. And you see right in this letter right here, it's circled due to altering a refund check. Right there on that letter, and every document that I sent to you also has that exact information. That was why the re-hearing was ordered by the Office of the Inspector General that does have authority over the Illinois Department of Insurance. That's why I sent a copy of the Office of the Executive Inspector General and all of their authority. I sent that with this oral argument. So, the facts are, they fabricated everything. No complaint exists, no authority exists, no original document exists, and they didn't substantiate one element necessary to prove check fraud. Thank you. Thank you. Thank you, Mr. Manny. Any questions from the bench for Mr. Manny? Not from me. The only question I had is, as I did in the last case, I asked this court to force the defendant to stick to this case. This case was filed in 2021. And in every case, everybody wants to talk about what happened before when, once again, no facts were provided and they prevail. This case was ordered by the Office of the Executive Inspector General, and this is the only case that should be. Mr. Manny, do you have any exhibits that verify that this was ordered by the Office of the Inspector General? There were documents in the... In your outline of your oral brief? In an outline of the oral brief. In both. Let me see. And I also put a copy of a letter from the Office of the Executive Inspector General. I think it's dated May 5th, 2021, saying that they've made their decision. We suggest you hire an attorney. It's dated May 5th from the Office of the Executive Inspector General. We suggest you hire an attorney because, once again, they haven't shown any complaints. They haven't shown any authority. They haven't shown any original documents, and they haven't said anything about the five elements necessary. And the letter dated May 28th, is telling me to hire an attorney. Here it is right here. Document DPM, dated May 28th, 2021. It says the Department of Insurance has made a decision. There's nothing further to say. Again, I urge you to seek the advice of an attorney. And then I held up another email saying that, once again, they didn't provide one complaint. They didn't provide where they have the authority to make charges of tax fraud, which is limited to the Attorney General and State Attorney. So they had no complaint, no authority. They didn't have one original document. And they said, well, you violated all these things. What rule do I violate? I didn't do any of that. And like I said, it was all fabricated because they didn't like the complaint that I filed with the EEOC and the Department of Human Rights. That's why the Office of the Executive Inspector General sent me this saying, hey, we urge you to find an attorney. Which I can't do. Okay, Mr. Manny, Ms. O'Mara, thank you for your arguments in this matter this afternoon. It will be taken under advisement and a written disposition shall issue. The clerk of our court at this time will escort you out of our remote courtroom and have a good afternoon. Thank you. Thank you. Thank you.